# EXHIBIT A

Clerk of the Superior Court
*** Electronically Filed ***
G. Atabaeva-Coy, Deputy
3/2/2021 10:24:53 AM
Filing ID 12603311

Byron F. Browne (030499)
Eric Nix (035662)
**BROWNE LAW GROUP**
366 North Gilbert Rd, Suite 202
Gilbert, Arizona 85234
Phone/Fax: (480) 771-2442
byron@antilawyer.com
eric@antilawyer.com
legal@antilawyer.com
*Attorney for Plaintiff*

### IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| SANTIAGO ZAPATA, individually, | Case No.: CV2021-091010 |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| LIFETIME FITNESS, LLC; JOHN DOES and/or JANE DOES I-X, individually and/or as husband and wife; BLACK CORPORATIONS and/or WHITE LIMITED PARTNERSHIPS I-X, | |
| Defendants. | |

Plaintiff, SANTIAGO ZAPATA, by and through counsel undersigned, for his Complaint hereby alleges as follows:

### JURISDICTIONAL ALLEGATIONS

1. The damages sought in this matter are within the original jurisdiction of this court.

2. The events that form the basis for this Complaint occurred within Maricopa County, Arizona and venue in this court is proper pursuant to A.R.S. § 12-401.

3. Plaintiff is a resident of Mesa, Arizona, Maricopa County.

4. Defendant, LIFETIME FITNESS, LLC, is a Limited Liability Corporation operating within Maricopa County, Arizona.

// //

1

5. Upon information and belief Defendants JOHN DOES I-X and JANE DOES I-X, were husband and wife, and residents of the State of Arizona, were domiciled as such as of the date of the incident and giving rise to this lawsuit. All actions alleged in this Complaint were undertaken on behalf of and for the benefit of their marital community. Plaintiff is without sufficient information at the present time to state the true identity of JOHN DOES I-X and JANE DOES I-X. Plaintiff will seek leave of the Court to amend this Complaint once the identity of this individual becomes available.

6. Defendants designated herein as DOES I-X, BLACK CORPORATIONS I-X, and WHITE LIMITED PARTNERSHIPS I-X, inclusive, are unknown to Plaintiff at this present time; however, it is alleged and believed these Defendants were involved in the initiation, approval, support, or execution of the wrongful acts on which this action is premised, or of similar actions directed against Plaintiff about which they are presently unaware. As the specific identities of these parties are revealed through the course of discovery, the DOES, BLACK, and WHITE will be replaced to identify these parties by their true names and capacities.

## GENERAL ALLEGATIONS

7. Plaintiff re-alleges and incorporates herein by this reference the allegations in Paragraphs 1 through 6 of his Complaint as though expressly set forth herein.

8. On March 13, 2019, Plaintiff, SANTIAGO ZAPATA, was injured at the LifeTime Fitness located at 381 E Warner Road, Gilbert, Arizona.

9. Plaintiff, SANTIAGO ZAPATA, was washing his hands in the bathroom when he slipped and fell on the wet, recently mopped floor.

10. Plaintiff, SANTIAGO ZAPATA, slammed his head on the floor and suffered injuries and damages.

11. Plaintiff has suffered permanent injuries, loss of enjoyment of life, suffered loss of past and future household services, expenses for medical care and treatment, and incurred expenses incidental thereto.

## COUNT I – NEGLIGENCE

### (ALL DEFENDANTS)

12. Plaintiff re-alleges and incorporates herein by this reference the allegations in Paragraphs 1 through 11 of his Complaint as though expressly set forth herein.

13. Defendant had the ability and owed a duty of care to Plaintiff to ensure that he was not placed in unreasonably dangerous conditions.

14. Defendant also had a duty to warn Plaintiff of any potentially dangerous conditions in and around the facility.

15. Defendant had a duty not to create any hazardous conditions in and around the facility.

16. Defendant knew or should have known that allowing a dangerous condition would lead to injuries.

17. Defendant breached its duty to Plaintiff by failing to warn Plaintiff of the dangerous condition in and around the facility.

18. Defendant breached its duty to Plaintiff by creating a hazardous condition in and around the facility.

19. Defendant's negligence was the actual and proximate cause of the injuries and damages to Plaintiff.

20. As a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff has incurred expenses for medical care and treatment and expenses incidental thereto; such expenses will continue in the future, resulting in damages in an amount to be proven at trial.

## COUNT II – NEGLIGENCE – RES IPSA LOQUITUR

### (ALL DEFENDANTS)

21. Plaintiff re-alleges and incorporates herein by this reference the allegations in Paragraphs 1 through 20 of his Complaint as though expressly set forth herein.

// //

22. Defendant owed Plaintiff a duty to exercise due care in providing a safe area in and around the facility and failed to meet this duty, and said actions and omissions as described above, were a breach of Defendant's duty of care.

23. As a direct and proximate result of the foregoing negligence and carelessness of the Defendant, Plaintiff has suffered severe and serious personal injuries, and the Defendant is liable for the same under the doctrine of res ipsa loquitur.

**WHEREFORE**, Plaintiff prays for Judgment against Defendants as follows:

a) For general damages, in an amount to be proven at trial of this matter;

b) For special damages, in an amount to be proven at trial of this matter;

c) For reasonable attorney's fees and costs; and interest at the statutory rate; and

d) For such other and further relief as this Court deems proper.

DATED this 2nd day of March 2021

**BROWNE LAW GROUP**

By: /s/ Byron Browne
Byron F. Browne (030499)
Eric Nix (035662)
366 North Gilbert Rd, Suite 202
Gilbert, Arizona 85234
*Attorneys for Plaintiff*